THE STATE OF KANSAS V. JOHN DAVIDSON.

No. 14,233.   (80 Pac. 945.)

SYLLABUS BY THE COURT.

RAPE—*Peremptory Challenges of Jurors.*  The offense of rape is a felony under our statute, and a boy, being put upon his trial under an information charging that offense, even though he be under the age of sixteen years at the time of his conviction, is entitled to exercise six peremptory challenges in the selection of a jury.

Appeal from Stafford district court; JERMAIN W. BRINCKERHOFF, judge.   Opinion filed May 6, 1905. Reversed.

*C. C. Coleman,* attorney-general, and *Jay F. Close,* assistant attorney-general, for The State.

*Paul R. Nagle,* for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J.:   The appellant, a boy under the age of sixteen years, was put upon his trial under an information charging that he had committed a rape by carnally knowing a female child under the age of eighteen years.   Over his objection, he was limited to four peremptory challenges in the selection of a jury. Section 198 of the code of criminal procedure (Gen. Stat. 1901, §5640) reads as follows:

"The defendant in every indictment or information shall be entitled to a peremptory challenge of jurors in the following cases, as follow:

"*First,* If the offense charged is punishable with death, or by imprisonment in the penitentiary not less than for life, to the number of twelve, and no more.

"*Second,* If the offense be punishable by like imprisonment not less than a specified number of years, and no limit to the duration of such imprisonment is declared, to the number of eight, and no more.

"*Third,* In any other case punishable by imprison-

The State v. Davidson.

ment in the penitentiary, to the number of six, and no more.

"*Fourth*, In cases not punishable with death or imprisonment in the penitentiary, to the number of four, and no more."

It is claimed by the state that the appellant's right is fixed by the fourth subdivision of this section, inasmuch as upon a former trial of the case the judge had ascertained from the undisputed evidence that he was under sixteen years of age, and hence, by virtue of section 299 of the crimes and punishment act (Gen. Stat. 1901, § 2300), and by virtue of section 7122 of the General Statutes of 1901, he was not punishable by imprisonment in the penitentiary. It is not disputed that the appellant was under the age of sixteen years at the time of his trial and conviction.

Section 4 of the code of criminal procedure defines a felony to be "an offense punishable by death, or confinement and hard labor in the penitentiary." Section 5 reads: "All other public offenses are misdemeanors." Therefore in order to determine the number of peremptory challenges allowable to the appellant we must inquire what was the character of the offense charged in the information. Upon this point there can be no dispute. It was rape; and rape is a felony. The very evident connection and sense require us to read into subdivision 3 of section 198, quoted above, after the word "case," the words "where the offense is," so that the third subdivision should read: "In any other case where the offense is punishable by imprisonment in the penitentiary, to the number of six, and no more."

Here, as we have suggested, the *offense* was rape, a felony, punishable by imprisonment in the penitentiary, and hence the number of challenges was determined by the third subdivision, above quoted. To be sure, by sections 2300 and 7122, the defendant being under the age of sixteen years, the penalty to be

inflicted upon him was either imprisonment in the county jail or confinement in the reform school; this, however, was a concession to him on account of his tender years and not because of a lessening of the gravity of the offense. If the punishment had been made to depend upon the age of the boy at the time of the commission of the offense, there would be some ground for the claim here made; as it might well be thought that what should be classed as a felony if the act was committed by an adult should be reduced in grade if committed by one of immature years. But such is not the case. The punishment to be inflicted depends upon the age at the time of conviction, and not upon the age at the time of the commission of the crime. If the state's theory be sound, we are confronted by the strange anomaly that if the conviction was had one day before the defendant arrived at the age of sixteen years one rule in the selection of a jury would apply, and if it took place one day thereafter another rule would apply. The efflux of two days would enlarge his rights in the matter of the number of challenges allowed. What a defendant's rights would be if the age of sixteen was reached just between the impaneling of the jury and the conviction is not suggested. Of course, if the punishment to be visited upon all offenders for the commission of the act named were reduced to imprisonment in the county jail or the reform school, then the grade of the offense, as an offense, would be reduced; but such is not the case. The offense, as such, is of the same gravity, although the punishment visited therefor upon boys under the age of sixteen years has been modified in consideration of their age. It is also to be noted that section 2300 says that "whenever any person under the age of sixteen years shall be convicted of any felony, he shall be sentenced," etc. This recognizes that one under sixteen may be convicted of a felony, which could not be the case if the state's contention

be correct.   The court is of the opinion that the appellant was entitled to six peremptory challenges, and that the court committed prejudicial error in limiting him to four.

We have examined the other claimed errors, but find nothing prejudicial therein.   The judgment of conviction is reversed because of the errors indicated.

All the Justices concurring.